# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROBERTO ZAIZA<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROCHA, *et al.*,<br><br>　　　　Defendants. | Case No. 1:21-cv-01295-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION AS DUPLICATIVE (ECF No. 1)<br><br>**FOURTEEN (14) DAY DEADLINE** |

  Plaintiff Jose Roberto Zaiza ("Plaintiffs") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated on August 26, 2021. (ECF No. 1.)

  On September 13, 2021, the Court screened the complaint and issued an order for Plaintiff to show cause why this action should not be dismissed as duplicative of *Zaiza v. Clark*, Case No. 1:19-cv-01476-DAD-GSA ("*Zaiza I*")[1]. (ECF No. 8.) Plaintiff filed a response on September 27, 2021. (ECF No. 9.) As discussed below, the Court finds that the instant action is duplicative of *Zaiza I*, and should be dismissed as duplicative.

///

///

---

[1] Formerly captioned *Zaiza v. Olvera*, Case No. 1:19-cv-01476-DAD-GSA.

1

## I. Screening Requirement and Standard

The Court screens complaints brought by persons proceeding *pro se* and *in forma pauperis*. 28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Plaintiff's Allegations

Plaintiff is currently housed at California State Prison, in Corcoran, California where the events in the complaint are alleged to have occurred.  Plaintiff names the following defendants: (1) A. Rocha, Floor Staff Correctional Officer, (2) S. Sarmiento, Floor Staff Correctional Officer, (3) M. Cruz, Floor Staff Correctional Officer, (4) P. Perez, Correctional Sergeant, (5) B. Hamilton, S&E Correctional Officer, (6) M. Gamboa, Warden, (7) Doe, Appeals Coordinator Official at Sacramento Office of Appeals.

In claim 1, Plaintiff alleges violation of Eighth Amendment for excessive force and threat to safety.  On August 19, 2019, Plaintiff was walking to the prison dining half or afternoon chow at 17:51 hours.  Defendant A. Rocha was in the control booth in charge of releasing prisoners out of their cells.  Defendant S. Sarmiento and M. Cruz were the floor officers giving orders to walk through the 3-builing dayroom yellow out of bound lines.  Their duties are to secure order and make sure prisoners exit the building.

As Plaintiff was making his way with other prisoners around C section stair well, Defendants S. Sarmiento and M. Cruz started yelling to get down.  Defendant R. Rocha purposely opened A cell occupied by two STG-bulldogs to come out and fight STG-surenos.  These two factions have been as of 9/28/2018 in lockdown and segregated to prevent unprovoked attacks by STG-bulldogs on STG-surenos.

Plaintiff saw Defendants Sarmiento and Cruz walking fast towards Plaintiff and others with their pepper spray in hand, and they started spraying in front of Plaintiff.  When Plaintiff realized that the officers were spraying towards the two STG-bulldogs and the STG-bulldogs ran around the stairwell.  Plaintiff tried to avoid being pepper sprayed and he got down low and

moved. When he did, he slipped in the pepper spray and landed on his right knee banging it so hard that he had difficulty moving it.

When it was over, correctional officers started running into the building due to the alarm. Sgt. Perez gave orders for officers to cuff all inmates involved in the incident. Defendant B. Hamilton handcuffed Plaintiff and ordered Plaintiff to get up. Plaintiff tried, but his knee was in excruciating pain and told Hamilton that he could not get up because his knee was messed up. Defendant Hamilton said he would help Plaintiff up. When Plaintiff was standing, he tried to walk, but felt a sharp pain in his right knee. Plaintiff told Hamilton that his knee hurts badly, and Hamilton told him that it was a "freebee" meaning that Plaintiff would not receive a 115-rule violation report. Plaintiff was angry because he was set up on a Gladiator type style fight, which has been going on for a year.

Defendant Perez was in ear shot and overheard Plaintiff. He knows that Plaintiff files legal paperwork and grievances and labeled Plaintiff "legal beagle." Plaintiff filed a 602 grievance on 9/2/19 for staff/officer misconduct in which defendant Perez was the 602-hearing officer. The hearing was on 9/24/19 for officer misconduct against Defendant Rocha.

Plaintiff told Defendant Perez that he should not be the hearing officer since he was the reporting officer the day of the incident and a 115 from Perez. Defendant Perez still did the hearing and asked if Plaintiff had any injuries and Plaintiff showed Perez his knee which was still swollen. Perez called the nurse to log it in. Plaintiff was taken out for about an hour and brought back. When he returned, Perez said he was not supposed to be the hearing officer because he was the reporting officer. A lieutenant conducted the hearing.

But when Plaintiff received his 602 grievance back, the response was signed by Perez, denying his appeal. Plaintiff appealed the denial to the chief of appeals, Gamboa, but it was returned in November 2019 stating Plaintiff had to go back to the second level. Plaintiff alleges Perez and Gamboa refused to follow the rules. Plaintiff appealed to the third level and they held his appeal for a year. Plaintiff alleges all defendants either participated or refused to protect the security of the institution and failed to protect Plaintiff and tried to cover up the incident by falsifying reports to protect Defendant Rocha.

Plaintiff alleges the actions of A. Rocha, S. Sarmiento, M. Cruz, B. Hamilton, P. Perez and M. Gamboa in using the threat to safety in allowing or coordinating fights against Plaintiff without provocation or failing to intervene to prevent the misuse of force, violated the Eighth Amendment.  Plaintiff suffers pain in his knee which will never be the same and emotional distress.

In claim 2, Plaintiff alleges violation of the Fourteenth Amendment.  Plaintiff alleges that on 4/15/2020, Plaintiff submitted a 602-appeal staff complaint to the third level to the chief of inmate appeals regarding the incident on 8/19/19 about defendant A. Rocha's misconduct.  Plaintiff did not receive a response and filed 602 appeals for the failure to respond.  When Plaintiff finally got the appeal back on 5/10/21, the chief of appeals stated that the appeal was denied due to the time elapsed.  Plaintiff suffered emotional distress for defendants cover up the gladiator style type fight. Plaintiff has seen officials set up about 20 gladiator type fights.

In claim 3, Plaintiff alleges a Fourteenth Amendment violation.  On 8/19/19, an incident occurred that Plaintiff was not involved with and due to Plaintiff filing a staff complaint, Defendants A. Rocha, S. Sarmiento, and Cruz filed a falsified 115 rules violation report stated Plaintiff assaulted two STG-bulldogs.  Plaintiff received a 115 rules violation report on 8/25/19 for battery on a prisoner after Defendant B. Hamilton told Plaintiff that the fight was a "freebee."  Plaintiff alleges that "this was done in retaliation for the cover up of defendant A. Rocha opining [sic] A cell of two stg-bulldogs."

Plaintiff was found guilty of battery on a prisoner on 9/14/19.  Plaintiff tried to explain at the hearing before Lt. Velazquez that A. Rocha's report said that two STG-bulldogs were attacking STG-surenos.  The officers said they sprayed the combatants and Plaintiff did not have any spray on his clothes.  Plaintiff also pointed out other inconsistencies in the A. Rocha's report, that he could not see who exactly was hitting who, but Plaintiff was still found guilty of battery on a prisoner, but other inmates were found guilty only of fighting.  Plaintiff was found guilty after he had filed a staff complaint against Defendant A. Rocha and was found guilty in retaliation.  Plaintiff appealed the guilty finding, and it was denied at the first, second and third levels.  Plaintiff alleges Defendants Rocha, Sarmiento, Cruz acted maliciously and sadistically by

4

falsifying reports in an attempt to cover up the misconduct of Rocha. Due to the bogus 115 rules violation report, Plaintiff was denied transfer to another institution to be closer to home and Plaintiff has suffered emotional distress.

As remedies, Plaintiff seek a declaration of rights, criminal prosecution, injunctive relief regarding Plaintiff's injury, compensatory and punitive damages.

## II. Duplicative Actions

### A. *Zaiza v. Clark*, Case No. 1:19-cv-01476-DAD-GSA

On October 17, 2019, Plaintiff filed *Zaiza v. Clark*, Case No. 1:19-cv-01476-DAD-GSA ("*Zaiza I*").[2] As relevant to the instant case, *Zaiza I*, alleged the same claims as follows.

On August 19, 2019, Plaintiff was housed in Building 3 when Officer A. Rocha was in the control booth tower and opened a cell housing two STG Bulldogs when Plaintiff and other STG Surenos were walking to dinner. Officers Rocha, Sarmiento, and Cruz reported that STG Surenos were walking towards the door that leads outside when C/O Rocha accidentally opened the STG Bulldogs' cell door. STG Bulldogs attacked STG Surenos. Due to false reports, STG Surenos were charged with battery. At no time did Plaintiff come into contact with the STG Bulldogs. OC pepper spray was used. Plaintiff still receives medical treatment for injuries to his right knee and had surgery and therapy. (*Zaiza I*, ECF No. 13, p. 7.) On the day of a gladiator fight orchestrated by A. Rocha on August 19, 2018 in which Plaintiff suffered injuries, C/O Hamleton[3] assisted Plaintiff off the floor due to knee damage. Plaintiff is an ADA patient and slipped in OC pepper spray. Defendant Perez, who was in charge, and C/O Hamelton stated, "Hey, Legal Beagle, that's a freebee," meaning that Plaintiff would not be issued a serious RVR report. The following day Plaintiff filed a staff complaint against A. Rocha. Plaintiff believes that his filing of the staff complaint is the reason officers fabricated an RVR Report and charged Plaintiff with battery the following week. Plaintiff alleges that defendant Perez violated Title 15 Rules and Regulations during the interview for the staff complaint because he is not supposed to interview if

---

[2] The Court takes judicial notice of the files in that case. Fed. R. Evid. 201.

[3] 2018 and the spelling of Hamilton's name appear to be a typo in *Zaiza I*.

he was the reporting officer. Perez stated, "You're right," and the interview had to start over with a new officer. Plaintiff alleges that defendant Perez had malicious intent to either cover up the staff complaint or trash it. Plaintiff alleges that he filed a staff complaint against defendant A. Rocha, and the following week officers fabricated an RVR Report against Plaintiff and charged him with battery. Plaintiff believes that his filing of the staff complaint is the reason officers fabricated the RVR. Plaintiff alleges that defendants Baughman, Clark, Goss, Hence, Gallager, Perez, Navarro, Brown, Llamas, and Gamboa approved and conducted sixteen gladiator style fights, and building tower control officers, including defendants Hernandez and Rocha, intentionally opened inmates' cell doors to cause fights, and falsified reports by stating that the opening of the doors were "accidental openings." Plaintiff state that he and other STG Surenos were walking to dinner when Officer A. Rocha opened a cell housing two STG Bulldogs and a fight erupted.

In *Zaiza I*, Plaintiff's claims for retaliation, denial of appeals process, failure to protect, false disciplinary reports, and excessive force, arising out the incident on August 19, 2019, were dismissed for failure to state a claim. (*Zaiza I*, ECF No. 13, p. 12.) Plaintiff was allowed to proceed on his cognizable claims against defendants Ken Clark (Warden), Captain J. Gallager, and D. Baughman (CDCR Acting Associate Director), for adverse conditions of confinement in violation of the Eighth Amendment relating to the alleged lack of out-of-cell exercise.

**B.     Legal Standard**

Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). A complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 692–93 (9th Cir.

2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689 (citations omitted). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Id.* at 688 (internal quotations and citations omitted). That plaintiff was denied leave to amend does not give plaintiff the right to file a second, duplicative lawsuit. If the causes of action and relief sought are the same and involve the same parties or their privies, the duplicative lawsuit may be dismissed with prejudice. *Adams*, 487 F.3d at 688.

**C.  Discussion**

Plaintiff's response to the Court's September 13, 2021 order to show cause states that the "main issue" in *Zaiza I* was for adverse conditions of confinement in violation of the Eighth Amendment relating to the lack of out of cell exercise. (ECF No. 9.) Plaintiff appears to argue that in order to explain to the Court the lack of out of cell exercise, he had to lay out the whole situation, including gladiator-style fights set up by Corcoran officials. Plaintiff contends that if he did not lay out the issue, defendants in *Zaiza I* would argue that they did run the yard in a way that did not violate anyone's constitutional rights, and that if he did not state what led to the out of cell exercise he would not pass the screening stage. (*Id.*)

The Court finds Plaintiff's argument unpersuasive. While Plaintiff may have intended only to provide context for his claims regarding lack of out of cell exercise, he set forth sufficient allegations to allow the court in *Zaiza I* to screen potential claims relating to injuries Plaintiff claims he received during the course of the gladiator-style fights. (*See* ECF Nos. 10, 13.) Furthermore, when the magistrate judge in *Zaiza I* issued findings and recommendations that the action proceed on cognizable claims for lack of out of cell exercise, but no other claims against any other defendants, Plaintiff responded by filing a notice that he wished to proceed on cognizable claims, rather than filing objections. (ECF No. 14.)

Plaintiff cannot now claim that he wished to file these claims as a separate action, when they were already screened and dismissed on the merits, with Plaintiff's agreement.

7

As discussed above, the original complaint in the instant case contains the same claims which were raised in *Zaiza I*. In both cases, Plaintiff raises the same claims of excessive force, arising out of the same events, involving the same parties and defendants, and infringing upon the same rights, including the Eighth and First Amendments. Therefore, the Court finds that this case should be dismissed because it is duplicative of *Zaiza I*, his earlier filed, currently pending case.

**III.     Order and Recommendation**

Based on the foregoing, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Furthermore, it is HEREBY RECOMMENDED that this action be dismissed as duplicative.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **September 29, 2021**          /s/ *Barbara A. McAuliffe*
                                                            UNITED STATES MAGISTRATE JUDGE