UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROBERTO ZAIZA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROCHA, *et al.*,<br><br>    Defendants. | No. 1:21-cv-01295-NONE-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION AS DUPLICATIVE<br><br>(Doc. No. 11) |

Plaintiff Jose Roberto Zaiza is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 13, 2021, the assigned magistrate judge screened the complaint and issued an order for plaintiff to show cause why this action should not be dismissed as duplicative of *Zaiza v. Clark*, Case No. 1:19-cv-01476-DAD-GSA ("*Zaiza I*").[1] (Doc. No. 8.) Plaintiff filed a response to the order to show cause on September 27, 2021. (Doc. No. 9.)

On September 29, 2021, the magistrate judge issued findings and recommendations recommending that the instant action be found to be duplicative of *Zaiza I* and dismissed as duplicative. (Doc. No. 11.) Plaintiff timely filed his objections on October 18, 2021. (Doc. No. 12.)

---

[1] Formerly captioned *Zaiza v. Olvera*, Case No. 1:19-cv-01476-DAD-GSA.

1

In his objections, plaintiff argues that this action should not be dismissed as duplicative, because he did not raise the claim regarding his committee hearing in the complaint in *Zaiza I*. (Doc. No. 12, p. 2.) Specifically, plaintiff alleges that as a result of the guilty finding resulting from defendants' allegedly false rules violation report issued against plaintiff, he was denied a transfer request at his next committee hearing. Plaintiff's underlying allegation that defendants falsified rules violation report(s) was included in *Zaiza I*. Even assuming that plaintiff's related claim regarding the committee hearing's transfer decision is not duplicative of the claims raised in *Zaiza I*, based on the allegations presented in plaintiff's first amended complaint and objections to the findings and recommendations, the court finds that these allegations would not state a cognizable claim for relief. Prisoners do not have a constitutional right to be incarcerated at a particular correctional facility (or to be transferred from one facility to another). *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976); *McCune v. Lile*, 536 U.S. 24, 38 (2002).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on September 29, 2021, (Doc. No. 11), are adopted in full;
2. This action is dismissed, with prejudice, as duplicative; and
3. The Clerk of the Court is directed to assign a district judge to this case for the purpose of closing the case and then to close this case.

IT IS SO ORDERED.

Dated: __**October 27, 2021**__         _Dale A. Drozd_
                                        UNITED STATES DISTRICT JUDGE